IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:08-CV-11-FL

| | | |
|---|---|---|
| MELISSA S. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security. | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings. (DE ## 16, 18.) On September 25, 2008, United States Magistrate Judge Robert B. Jones, Jr. issued memorandum and recommendation ("M&R") wherein it was recommended that this court deny plaintiff's motion and grant defendant's motion. Plaintiff filed objections to which defendant timely responded. In this posture, the issues raised are ripe for decision.

### STATEMENT OF THE CASE

Plaintiff was initially found disabled on June 2, 1999, and awarded disability beginning April 14, 1999, for listing-level chronic renal failure. On March 7, 2003, plaintiff was determined to be under continuing disability; this is the most recent favorable action on plaintiff's disability claim, and so it serves as the comparison point decision. At a continuing disability review conducted on January 26, 2005, it was determined claimant was no longer disabled as of that date, and this determination was upheld upon reconsideration after a disability hearing by a state agency disability hearing officer.

On January 30, 2007, plaintiff appeared and testified at hearing before an Administrative Law Judge ("ALJ"). Plaintiff was not represented by counsel at this hearing. On July 10, 2007, the ALJ issued a decision upholding the finding that plaintiff's disability ended on January 26, 2005. Plaintiff, having since retained counsel, requested review of the ALJ's decision by the Appeals Council, submitting new evidence as part of the request. The Appeals Counsel made the new evidence part of the record, but ultimately denied plaintiff's request for review on November 6, 2007, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

On January 9, 2008, plaintiff filed complaint in this court seeking review of that decision. In her motion for judgment on the pleadings, plaintiff contends that the ALJ's decision should be reversed on the grounds that the ALJ erred by: 1) failing to follow the "special technique" required for the assessment of mental impairment; 2) rejecting the opinions of plaintiff's treating physicians without providing persuasive contradictory evidence; 3) failing to comply with the process set forth in Craig v. Chater for evaluating a claimant's pain and other symptoms; and 4) failing to obtain the testimony of a vocational expert.

In M&R entered September 25, 2008, the magistrate judge rejected plaintiff's arguments and recommended that this court grant defendant's motion for judgment on the pleadings. After careful consideration, for the reasons given below, the court adopts the recommendation of the magistrate judge.

### DISCUSSION

#### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge

2

of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. § 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the

3

arguments at hand.

### B. Plaintiff's M&R Objections

1.   ALJ's assessment of plaintiff's mental impairments

Plaintiff argues that the M&R erred in finding that the ALJ followed the "special technique" set forth in 20 C.F.R. § 404.1520a for assessing plaintiffs's mental impairments because the ALJ did not employ a medical expert or psychologist. This "special technique" involves rating the degree of the claimant's functional limitation in the areas of (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). As this was a continuing disability review case in which plaintiff was initially found disabled due to a physical impairment, plaintiff's subsequently alleged mental impairment was only assessed at the hearing before the ALJ and not at the lower levels. Plaintiff maintains that the provision of the regulations that states "at the initial and reconsideration levels . . . our medical and psychological consultant has overall responsibility for assessing medical severity," is indicative of a general policy that these experts must evaluate functional limitations with regard to mental impairment. See 20 C.F.R. § 404.1520a(e)(1). Accordingly, plaintiff argues, the provision that states, "[A]t the initial and reconsideration levels of the administrative review process, we will complete a standard document to record how we applied the technique" should be read to demand the completion of such documentation, or at least the assistance of a medical expert or psychologist, in this case where the issue of mental impairment first arose before the ALJ. See 20 C.F.R. § 404.1520a(e).

Plaintiff's interpretation of the regulations ignores their specific guidance for the application of the "special technique" to assess mental impairment at the ALJ level. The same provision of the

4

regulations cited by plaintiff states, "At the administrative law judge hearing and Appeals Council levels . . . we will document application of the technique in the decision." Id. In a subsection, the regulations reiterate, "At the administrative law judge hearing and Appeals Council levels . . . the written decision must incorporate the pertinent findings and conclusions based on the technique." 20 C.F.R. § 404.1520a(e)(2). The regulations demand only that the technique be performed, not that a medical expert or psychologist perform it. Furthermore, the provision of the regulations that governs remand by the ALJ for assistance of a medical expert makes clear that remand is discretionary rather than mandatory if the services of a medical expert are needed. See 20 C.F.R. § 404.1520(a)(e)(3) ("*If* the administrative law judge requires the services of a medical expert to assist in applying the technique but such services are unavailable, the administrative law judge *may* return the case to the State agency or the appropriate Federal component.") (emphasis added). Even more significantly, the clause "[i]f the administrative law judge requires the services of a medical expert to assist in applying the technique" necessarily contemplates that in some circumstances, an ALJ will not require the medical expert's services. Thus, it directly contradicts plaintiff's contention that the regulations "plainly recognize that ALJ's are laymen and that decisions concerning a claimant's mental functioning are to be made with the assistance of medical professionals." (Pl.'s Obj. p. 2.)

Accordingly, plaintiff's objection that the ALJ failed to follow the "special technique" because he failed to employ the services of a medical expert or psychologist expert is overruled. Furthermore, the court finds the ALJ complied with all the other requirements of applying the "special technique" as demanded by the regulations. (See M&R, pp. 9-12.)

2. ALJ's evaluation of treating physician opinions

Plaintiff objects to the M&R's finding that the ALJ did not err by not weighing the opinions of plaintiff's treating physicians more heavily than he did. In particular, plaintiff objects to the ALJ's determination that the findings of the state agency physicians that plaintiff was capable of a full range of light work was more consistent with the evidence than the opinions of Dr. Rothman, who indicated plaintiff could perform less than a full range of sedentary work, and Dr. Smith, who indicated plaintiff could not perform the standing and walking requirements of light work. Plaintiff contends that the M&R erred in affirming this determination while "providing no medical evidence or explanation for preferring the opinion of the non-examiner over the opinions of two treating physicians." (Pl's Obj. p. 3.)

The opinion of a treating physician is generally entitled to great weight. Nevertheless, the Fourth Circuit has held "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Contrary to plaintiff's assertion, the M&R documents clinical evidence in the record, including treatment notes of Dr. Rothman and Dr. Smith, that does not support the limitations stated in their opinions. (See R. 224, 226, 228, 281, 291, 293, 296, 302, 399.) Furthermore, the M&R documents the substantial evidence in the record, most notably plaintiff's responses to the disability questionnaire, that is inconsistent with those opinions. (See R. 494-98.) "An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion." Koonce v. Apfel, 166 F.3d 1209, *2 (4th Cir. Jan 11, 1999). Upon independent review of the record, the

6

court concludes that the ALJ did not err by granting less than controlling weight to the opinions of Dr. Rothman and Dr. Smith, as the ALJ sufficiently explained his decision to weigh the medical opinions as he did, and that decision is supported by substantial evidence.

3. ALJ's compliance with Craig v. Chater

Plaintiff contends that the M&R erred in finding that the ALJ's decision complied with the two-part process for determining whether a claimant is disabled by pain or other symptoms that the Fourth Circuit reiterated in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). In Craig, the court held that the ALJ must first expressly determine whether claimant's medical impairment could reasonably be expected to produce the pain or other symptoms alleged. Id. at 594. Only if that threshold has been satisfied does the ALJ move on to the second part of the analysis, which is an evaluation of the actual intensity and persistence of the pain or symptoms to determine if the claimant's subjective complaints are credible. Id. at 595. An ALJ's failure to expressly consider the threshold question before moving on to considering claimant's credibility is cause for remand. Id. at 596. See also Robinson v. Astrue, 2008 WL 4790387, *3 (E.D.N.C. October 23, 2008).

Plaintiff argues the M&R erred in determining "the ALJ's decision was sufficient because ALJ clearly implied that [plaintiff] failed Craig Step One." (Pl's Obj., p. 4.) Plaintiff misreads the M&R, and thus her objection is without merit. Indeed, the M&R states, correctly, that the ALJ determined claimant *satisfied* the first step of the Craig analysis. (M&R p. 16.) Furthermore, the ALJ made this determination expressly, stating that "claimant's medically determinable impairments present as of January 26, 2005 could have reasonably been expected to produce some of the alleged symptoms." (R. 18.) In accordance with Craig, only then did the ALJ proceed to the credibility analysis, finding that "claimant's statements concerning the intensity, persistence and limiting effects

7

of these symptoms are not entirely credible." (Id.) The ALJ may consider all available evidence in making this credibility determination, and as discussed in the M&R, there is substantial evidence in the record to support the ALJ's decision. Thus, the court finds the ALJ complied with the Craig two-step process for determining whether a claimant is disabled by pain or other symptoms.

4. Failure to obtain the testimony of a vocational expert

Plaintiff objects to the finding in the M&R that the ALJ was not required to consult a vocational expert ("VE"). If a claimant has no non-exertional impairments that prevent her from performing the full range of work at a given exertional level, the ALJ may rely solely on the Medical-Vocational Guidelines ("Guidelines") to determine whether there are jobs in the national economy which the claimant can perform. See Gory v. Schweiker, 712 F.2d 929, 930 (4th Cir. 1983). In light of this, the Fourth Circuit has stated, "The guidelines do not take into account nonexertional limitations such as pain, loss of hearing, loss of manual dexterity, postural limitations and pulmonary impairment. When nonexertional limitations such as these occur in conjunction with exertional limitations, the guidelines are not to be treated as conclusive." Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987). When an ALJ is thus forbidden to rely solely on the Guidelines, the Commissioner must prove by expert vocational testimony that the claimant retains the ability to perform specific jobs which exist in the national economy. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

Plaintiff contends that the M&R's determination that a VE was not necessary rests on the inaccurate premise that the ALJ found claimant did not suffer from significant non-exertional limitations. More particularly, plaintiff contends that the ALJ's finding that claimant was limited to *unskilled* light work equates to a finding of non-exertional limitations. The Fourth Circuit's

holding in Coffman indicates the determinative factor as to whether a vocational expert is necessary is whether the Guidelines take into account all of plaintiff's limitations. With regard to the ALJ's determination in this case that claimant was limited to unskilled light work, the section of the regulations concerning the Guidelines specifically states, "[I]n promulgating the rules, administrative notice has been taken of the numbers of unskilled jobs that exist throughout the national economy at various functional levels (sedentary, light, medium, heavy, and very heavy)." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(b). The Guidelines take into account whether a claimant is limited to unskilled labor, and therefore, the ALJ did not err in relying on them without consulting a VE.

## CONCLUSION

After thorough review of the record in this case, this court finds that the ALJ's findings are supported by substantial evidence. For the foregoing reasons, plaintiff's objections to the M&R are OVERRULED. The court hereby ADOPTS such recommendation as its own, and, for the reasons already discussed, defendant's motion (DE # 18) is GRANTED, and plaintiff's motion (DE # 16) is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 8th day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge